IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT CARSON, | CASE NO. 8:25cv36 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| MENARD, INC., d/b/a MENARDS, | |
| Defendant. | |

COMES NOW Defendant Menard, Inc. ("Menards") and, pursuant to 28 U.S.C. §§ 1441 & 1446, removes this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. Removal is proper on the following grounds:

1. On December 31, 2024, Plaintiff Scott Carson, commenced this action in the District Court of Douglas County, Nebraska, Case No. CI 24-10022. Plaintiff is a citizen of Douglas County, Nebraska. Said action is still pending. A copy of Plaintiff's complaint filed with the Douglas County District Court and the proof of service upon Menards are attached hereto as Exhibit A.

2. Menards is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Eau Claire, Wisconsin. Menards is a citizen of the State of Wisconsin.

3. Menards was served with process through its registered agent in the State of Nebraska, on January 6, 2025.

4. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original diversity jurisdiction over this matter. Under that section, this Court has original diversity jurisdiction over any action in which (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs; and (2) is between citizens of different states.

5. There is diversity of citizenship between Plaintiff, who is a Nebraska citizen, and Menards, which is a citizen of the State of Wisconsin for the purposes of diversity jurisdiction.

6. Plaintiff's complaint seeks damages "substantial and permanent injuries," including "personal injuries and consequential damages, past and future medical expenses ... past and future loss of earnings, past and future pain and suffering, loss of earning capacity, and past and future loss of enjoyment of life, mental anguish, and emotional distress." (Complaint, ¶ 22). The allegations in the Complaint support a finding that the amount in controversy exceeds the jurisdictional minimum. Kearney Area Ag Producers Alliance v. Delta-T Corp., No. 8:02CV56, 2003 U.S. Dist. LEXIS 2634, at *5 (D. Neb. Feb. 24, 2003) ("[A] removing defendant can also establish the jurisdictional minimum by setting forth the facts in controversy ... that support a finding of the requisite amount.") (internal quotation marks omitted). So long as a fact finder *could* conclude the total damages the plaintiff claims exceed $75,000.00, this is sufficient to confer diversity jurisdiction with this Court. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). Only if it is a "legal certainty" that the jurisdictional minimum cannot be met will remand to the

state court be appropriate. Id. at 884; see also Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) ("[R]emand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.").

7. Pursuant to 28 U.S.C. § 1441(a), Menards has removed this action "to the district court of the United States for the district and division embracing the place where [the State court] action is pending."

8. Removal is proper under 28 U.S.C. § 1446 because this notice has been filed within thirty (30) days after receipt of the initial pleadings by Menards on January 6, 2025, and all Defendants who have been properly joined and served with Plaintiff's initial pleadings (i.e., Menards) consent to this removal. See 28 U.S.C. § 1446(b)(1)-(2).

9. A notice of the filing of this Notice of Removal has been filed contemporaneously herewith in the District Court of Douglas County, Nebraska.

10. There are no matters pending in the District Court of Douglas County, Nebraska, that will currently require resolution by this Court.

DATED this 31st day of January, 2025.

                MENARD, INC., Defendant

        By:   /s/ Robert W. Futhey
              Robert W. Futhey, #24620
              Spencer W. Werth, #25574
              FRASER STRYKER PC LLO
              500 Energy Plaza
              409 South 17 Street
              Omaha, NE  68102-2663
              (402) 341-6000
              rfuthey@fraserstryker.com

                swerth@fraserstryker.com
                ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

On the 31st day of January, 2025, I e-mailed the above document to the following:

    Christopher P. Welsh
    WELSH & WELSH, P.C., L.L.O.
    9290 West Dodge Road
    204 The Mark
    Omaha, NE 68114
    cwelsh@welsh-law.com

                /s/ *Robert W. Futhey*

3342536

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI240010022
Transaction ID: 0022636217
Filing Date: 12/01/2024 03:59:43 PM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| SCOTT CARSON, | ) | Case No. CI 24 - _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT and** |
| | ) | **JURY DEMAND** |
| MENARD, INC., d/b/a MENARDS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Scott Carson, and for his causes of action and claims for relief against the Defendant, states and alleges that at all time material hereto:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff, Scott Carson, is a resident of Waterloo, Douglas County, Nebraska.

2. Defendant, Menard, Inc., is a foreign corporation, is qualified to do business in the State of Nebraska, with its principal place of business located in Eau Claire, Wisconsin.

3. The District Court of Douglas County Nebraska has subject matter jurisdiction over this action pursuant to Neb. Rev. Stat. Section 24-302.

4. Pursuant to Neb. Rev. Stat. Section 25-403.01, venue is proper in Douglas County, Nebraska, as the county where Plaintiff's causes of action arose and/or where at least one Defendant resides.

### GENERAL ALLEGATIONS

5. On June 6, 2024, Defendant owned, operated, and/or managed real property located at 750 N. 205th Street, Elkhorn, Douglas County, Nebraska, which is a home improvement business commonly known as and hereafter referred to as "Menards", including, but not limited to, the parking

**EXHIBIT A**

lot, curbs, sidewalks, handicap stalls, entries, and exits located at or near Menards as well as its business and customer operations.

6. Defendant was acting through its employees, authorized agents, apparent agents, and/or representatives.

7. Defendant is vicariously liable for the negligence of its employees, agents and representatives, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## STATEMENT OF FACTS

8. On June 6, 2024, Plaintiff was a lawful entrant at Menards for the purpose of purchasing home improvement items.

9. Plaintiff was in the lumber section and approached shelving containing different sizes and shapes of lumbar which included a bundle of lumber that was setting on top of the lumber bin and not in a designated inventory bin.

10. As Plaintiff was approaching the lumber bin to pick up the lumber he ordered, the bundle of lumber which was setting on top of the lumber bin and not in a designated inventory bin fell striking the Plaintiff which caused Plaintiff to suffer injuries and damages.

## CAUSE OF ACTION and CLAIM FOR RELIEF

### I.  GENERAL NEGLIGENCE

11. As the owners and/or operator of Menards, Defendant had a duty to provide a safe place for lawful entrants so as to prevent any unreasonable risk of harm to lawful entrants, and further had a duty to protect and/or warn lawful entrants against dangerous conditions on the premises.

12. Defendants, by and through its employees, agents and representatives, while in the scope and course of their employment and agency, knew, or in the exercise of reasonable care, should have known that

bundle of lumber on top of the inventory bin was a hazard to lawful entrants, including Plaintiff.

13. Maintaining the lumber bin was the responsibility of the Defendant, by and through its employees, agents and representatives in the course and scope of their employment.

14. Defendant, by and through its agents, representatives and employees, were negligent in one or more of the following particulars, to wit:

   a. Designing, constructing, and allowing a bundle of lumber to exist on top of the lumber inventory bin and not in a designated inventory bin;

   b. Failing to protect Plaintiff against the dangers of the lumber inventory bin on which the bundle of lumber fell and struck Plaintiff;

   c. Failing to warn Plaintiff of the dangers of the lumber inventory bin on which the bundle of lumber fell and struck Plaintiff;

   d. Failing to use proper care to properly and safely design and construct the lumber inventory bin for its intended use;

   e. Failing to use proper care to ensure that the lumber inventory bin were safe and properly designed, constructed and used for its intended purpose;

   f. Failing to properly supervise, instruct and/or train its employees and/or agents responsible for the maintenance and inspection of its premises; and

   g. Failing to otherwise exercise reasonable and proper care under the circumstances.

## II.   PREMISE LIABILITY

15. The area of Defendant's premises on which the bundle of lumber fell and struck the Plaintiff presented a dangerous and unsafe condition.

16. Defendant and/or its agents and/or employees created said condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition.

17. Defendant and its employees, agents and/or representatives knew that this condition involved an unreasonable risk of harm to Plaintiff.

18. Defendant and its employees, agents and/or representatives should have expected that Plaintiff either would not discovered or realize the condition of the bundle of lumber on top of the lumber inventory bin or would fail to protect himself against the condition.

19. Defendants and their employees, agents and/or representatives failed to use reasonable care to protect Plaintiff against the dangerous condition.

## RES IPSA LOQUITUR

20. For an alternative theory of recovery, the bundle of lumber on top of the lumber inventory bin that fell and struck Plaintiff was under Defendant's exclusive control and management.

21. In the ordinary course of events, Plaintiff's injuries would not have occurred unless Defendant was negligent.

## DAMAGES COMMON TO ALL CLAIMS

22. That as a direct and a proximate result of Defendant's negligence, Plaintiff sustained substantial and permanent injuries, which include, but are not limited to, personal injuries and consequential damages, past and future expenses for necessary medical treatment, past and future loss of earnings, past and future pain and suffering, loss of earning capacity, and past and future loss of enjoyment of life, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for general and special damages, along with interest, attorney's fees and costs, and other such damages are reasonable in the premises.

4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this matter in Douglas County District Court, Nebraska.

Dated this 31st day of December, 2024.

                                  SCOTT CARSON, Plaintiff,

                  By:    /s/ Christopher P. Welsh
                                Christopher P. Welsh - #22279
                                WELSH & WELSH, P.C., L.L.O.
                                9290 West Dodge Road
                                204 The Mark
                                Omaha, NE 68114
                                Phone: (402) 384-8160
                                cwelsh@welsh-law.com
                                ATTORNEY FOR PLAINTIFF

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI240010022
Transaction ID: 0022683802
Filing Date: 01/13/2025 09:08:16 AM CST

## SERVICE RETURN

Doc. No. 949727

Douglas District Court
1701 Farnam-Clerk of District Court.
1717 Harney-Separate Juvenile Court
Omaha    NE 68183

To:
Case ID: CI 24   10022 Scott Carson v. Menard, Inc.

Received this Summons on _____, _____ I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                  _____

Mileage ____ miles    _____

TOTAL                 $ _____

Date: _____  BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Menard, Inc

At the following address: c/o Prentice-Hall Corp. System

233 South 13th St

Lincoln, NE 68508

on the 2nd day of January 2025, as required by Nebraska state law.

/s/ Christopher P Welsh

Postage $ 8.44    Attorney for: Plaintiff

The return receipt for mailing to the party was signed on January 6th, 2025.

To: Menard, Inc.
c/o Prentice-Hall Corp. System, Inc
233 South 13th Street
Lincoln, NE 68508

From: Christopher P Welsh
9290 West Dodge Road
204 The Mark
Omaha, NE 68114

**ATTACH RETURN RECEIPT & RETURN TO COURT**



January 7, 2025

Dear Covius Document Services:

The following is in response to your request for proof of delivery on your item with the tracking number: **9314 8699 0430 0129 8778 39**.

| Item Details | |
|---|---|
| **Status:** | Delivered, PO Box |
| **Status Date / Time:** | January 6, 2025, 09:19 a.m. |
| **Location:** | LINCOLN, NE 68501 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Menard Inc C o The Prentice Hall Corporation S |

| Shipment Details | |
|---|---|
| **Weight:** | 2.0oz |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: |  |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

---

Information in this section provided by Covius Document Services, LLC.

**Reference Number:** Carson, Scott

## Certificate of Service

I hereby certify that on Monday, January 13, 2025 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Signature: /s/ Welsh,Christopher, (Bar Number: 22279)